UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR Investments Pool 1, LLC, | Case No.: 2:22-cv-00411-JAD-DJA |
| Plaintiff | |
| v. | |
| Newrez LLC dba Shellpoint Mortgage Servicing; et al., | **Order Granting in Part SFR's Motion to Dismiss Shellpoint's Counterclaims** |
| Defendants | [ECF No. 6] |

This case is a remnant of Nevada's foreclosure crisis in which real-estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association (HOA) assessments. Plaintiff SFR Investments Pool 1, LLC, did just that in April 2012 when it bought this home at 747 Rustic Desert Place in Henderson, Nevada, for $5,000 at an HOA foreclosure sale.[1] The home had been purchased five years earlier with a $259,700 mortgage secured by a deed of trust.[2] Years of quiet-title litigation in a separate federal action ended in the determination that SFR bought the property subject to that deed of trust.[3] But when NewRez LLC dba Shellpoint Mortgage Servicing took steps to foreclose on that long-unpaid mortgage last winter, SFR filed this wrongful-foreclosure action. Shellpoint responded with counterclaims for quiet title, tortious interference with contractual relations, abuse of process, slander of title, and equitable lien.[4] SFR now moves to dismiss those counterclaims under FRCP

---

[1] ECF No. 22-3 (HOA trustee's deed upon sale).

[2] ECF No. 22-1 (deed of trust).

[3] *See* ECF No. 127 at 8 in 2:15-cv-2381-GMN-NJK ("Accordingly, the Court finds that the HOA sales did not extinguish Plaintiffs' interests in the Properties, and the DOTs continue to encumber the same."); ECF No. 150 in 2:15-cv-2381-GMN-NJK (affirming that ruling).

[4] ECF No. 4 (answer and counterclaim).

12(b)(6).[5] Because I find that Shellpoint's slander-of-title claim fails because Shellpoint is not a titleholder here, I dismiss that counterclaim but deny the remainder of SFR's motion to dismiss.

## Discussion

### A.  Quiet title

SFR argues that Shellpoint's quiet-title claim fails because "Shellpoint offers no independent adverse claim against SFR; it merely asks this Court to reject SFR's claims," so it's "just a re-packaging of" Shellpoint's defense.[6] But that characterization understates the counterclaim's allegations and SFR's own position in this litigation. Shellpoint affirmatively seeks "a declaration that the deed of trust remains against the property . . . and SFR's interest in the property, if any, is subject to the deed of trust."[7] And in its own quiet-title claim, SFR recognizes that "Shellpoint[] may claim an adverse interest in the Property through the Deed of Trust," which is worthy of judicial determination.[8] I thus find that Shellpoint has sufficiently stated its own quiet-title claim, and SFR's request to dismiss that claim is denied.

### B.  Intentional interference

In its second counterclaim, Shellpoint alleges that SFR's "refusal to satisfy the amounts owed under the deed of trust" and its "pursuit of an injunction" to stop Shellpoint's foreclosure efforts "are intentional and designed to disrupt the contractual relationship between the borrower

---

[5] ECF No. 6.

[6] *Id.* at 3.

[7] ECF No. 4 at 16.

[8] *See* ECF No. 1-1 at 8–10 (SFR's second claim for relief); Nev. Rev. Stat. § 40.010 (noting that a quiet-title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.").

and Shellpoint," and they have indeed accomplished that goal.[9] SFR contends that Shellpoint's intentional-interference-with-contract claim fails because "there must be an intentional act aimed at inducing the third party to breach the contract" to state such a claim.[10] But the cases on which SFR relies imply that this tort is not so narrow. When outlining the elements of this claim in *Sutherland v. Gross*,[11] the Supreme Court of Nevada relied on the California Court of Appeal's opinion in *Ramona Manor Convalescent Hospital v. Care Enterprises*.[12] The *Ramona Manor* court held that liability could be found when a lessee "intentionally retained possession rather than surrendering" leased premises to the landlord because "such action would frustrate the legitimate contractual expectations of" the new lessee.[13] It also noted that, "[i]n recent years, the tort of 'inducing breach of contract' has expanded to permit liability where the defendant does not literally induce a breach of contract, but makes plaintiff's performance of the contract 'more expensive or burdensome' or interferes with the formation of a prospective economic relationship."[14] This language suggests that the disruption-of-the-contractual-relationship element can be satisfied when the tortfeasor's acts frustrate contractual expectations and not only when those acts induce a contractual breach. Because Shellpoint has alleged that SFR's actions have frustrated its contractual right to foreclose, I find that Shellpoint has sufficiently pled this claim to survive dismissal.

---

[9] ECF No. 4 at 17.

[10] ECF No. 6 at 3.

[11] *Sutherland v. Gross*, 772 P.2d 1287 (Nev. 1989).

[12] *Ramona Manor Convalescent Hosp. v. Care Enter.*, 177 Cal. App. 3d 1120 (1986).

[13] *Id.* at 1133.

[14] *Id.* (cleaned up and internal citations omitted).

**C.     Abuse of process**

For its third cause of action, Shellpoint claims that SFR's filing and maintenance of this lawsuit and the tactics and arguments that it is pursuing here are an abuse of the judicial process.[15] SFR moves to dismiss this claim, arguing that it fails because SFR's counsel's signature on the complaint certifies that "the claims are warranted," they are factually supported, and SFR promises that its only goal is "to resolve legitimate legal disputes."[16] SFR's insistence that its motives are pure is not a valid basis to dismiss this claim. Shellpoint has pled sufficient facts to state a plausible abuse-of-process claim, and this court must take those facts as true when evaluating this Rule 12(b)(6) motion.[17] That is enough at this point for this claim to proceed.

**D.     Slander of title**

The same cannot be said of Shellpoint's slander-of-title claim, however. Under Nevada law, a slander-of-title claim requires (1) false and malicious communications, (2) disparaging to one's title in land, (3) causing special damages.[18] Although Shellpoint claims an interest in the Rustic Desert property, that interest is a lien. Shellpoint does not hold title, and it points to no case in which the Nevada Supreme Court recognized that a slander-of-title claim can be brought by a mere lienholder. So I grant SFR's motion to dismiss this claim and I do so without leave to amend because amendment would be futile.

---

[15] ECF No. 4 at 17–18.

[16] ECF No. 5 at 4–5.

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *See Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987) (citations omitted).

4

E. *Equitable lien*

Finally, SFR moves to dismiss Shellpoint's equitable-lien claim, pled in the alternative should its quiet-title claim fail. Shellpoint's theory for this claim is that "SFR benefitted from the deed of trust encumbering the property" and the delays caused by the prior litigation and COVID, so if the deed of trust is deemed extinguished, it should have "a first-priority equitable lien in" its favor.[19] SFR argues that this claim fails because "an equitable lien is only appropriate where a party keeps money belonging to another to purchase real property"—and because Shellpoint does not allege that SFR bought this property with someone else's funds, the claim fails as a matter of law.[20] But *Maki v. Chong*,[21] on which SFR relies for this principle, does not confine the court's equitable powers to such narrow circumstances, and other equitable-lien cases from the Supreme Court of Nevada suggest that such liens may arise from situations unrelated to the wrongful use of funds to purchase property.[22] So it does not appear that Nevada law limits equitable liens only to situations in which the defendant uses the plaintiff's funds to buy real property, and I deny the motion to dismiss this claim.

## Conclusion

IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's motion to dismiss counterclaims **[ECF No. 6] is GRANTED in part: NewRez LLC dba Shellpoint Mortgage**

---

[19] ECF No. 4 at 19.

[20] ECF No. 6 at 6.

[21] *Maki v. Chong*, 75 P.3d 376 (Nev. 2003).

[22] *See Com. Credit Corp. v. Matthews*, 365 P.2d 303, 307–08 (Nev. 1961); *Gralnick v. Rowe-Gralnick*, 2016 WL 2851883, at *1 (Nev. 2016) (unpublished).

**Servicing's slander-of-title counterclaim is dismissed**, but the motion is denied as to all other claims.

_____
U.S. District Judge Jennifer A. Dorsey
November 4, 2022